Date Signed:
May 16, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re ADAM LEE, | Case No. 13-01356 |
| --- | --- |
| | Chapter 7 |
| Debtor. | Re: Docket No. 455, 463 |

MEMORANDUM OF DECISION ON
MOTION FOR APPROVAL OF SALE OF REAL
PROPERTY(PALUA 2) FREE AND CLEAR OF LIENS

When Adam Lee filed his bankruptcy petition, he and his then wife owned, as tenants by the entireties, interests in two adjacent single family residences (which had been organized as condominium units) known as Palua 1 and Palua 2. Mr. and Mrs. Lee owned 100% of Palua 1 and a 75% interest in Palua 2; Alexandra Shiroma owns the remaining 25% of Palua 2.

After a trial, I held that Mr. Lee transferred interests in Palua 1 and Palua 2 to himself and his wife with the intent to hinder, delay, or defraud his creditors and that

those transfers should be avoided.[1] The district court affirmed my judgment.[2] Mr. Lee's appeal to the court of appeals is pending.

I ordered Mr. Lee to turn over possession of Palua 1 and Palua 2 to the trustee, holding that Mr. Lee was not entitled to an exemption in Palua 1 and Palua 2.[3] Mr. Lee appealed that order to the district court.[4] I granted a conditional stay of the turnover order pending Mr. Lee's appeal,[5] but terminated that stay after Mr. Lee failed to comply with the conditions.[6] The district court affirmed the turnover order.[7] Mr. Lee's appeal to the court of appeals is pending.

I approved the trustee's sale of Palua 1 over Mr. Lee's objection[8] and denied Mr. Lee's motion for a stay pending appeal.[9]

The trustee now seeks authority to sell Palua 2 free and clear of liens for $795,000.00 and to pay certain expenses and claims out of the proceeds.

---

[1] *Field v. Lee*, Adv. Pro. Case No. 14-90003, dkt. 303.

[2] *Id.* at dkt. 342.

[3] Dkt. 224.

[4] The order required Mr. Lee to turn over other property as well. Mr. Lee only appealed the order as it applied to Palua 1 and Palua 2.

[5] Dkt. 321.

[6] Dkt. 379.

[7] Dkt. 387.

[8] Dkt. 386.

[9] Dkt. 385.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 2 of 9

A few days before the scheduled hearing on the motion, a component of the court's audio system failed, preventing the court from conducting telephonic hearings. Mr. Lee informally requested a continuance so his mainland counsel can appear by phone. The trustee opposes any continuance. Because the matter has been amply briefed (including an unauthorized surreply by Mr. Lee[10]), and in order to avoid unnecessary delay in the disposition of the motion, I have cancelled the hearing and will decide the matter on the papers.

Mr. Lee and two other parties have responded to the motion.

## I. Alexandra Shiroma Objection

As noted above, Ms. Shiroma owns a 25% interest in Palua 2. She consented to the sale of her interest along with the Lee interest. She does not oppose the sale, but argues that she should be paid 25% of the proceeds of sale after closing costs but before payment of the mortgage on the property. She contends that this is appropriate because she signed the mortgage but not the promissory note and thus is not personally liable for the mortgage debt. She also contends that Mr. Lee personally guaranteed the return of the $150,000 she invested with Mr. Lee in return for the 25% interest in the property.

I disagree with Ms. Shiroma's arguments. She voluntarily submitted her interest in Palua 2 to the mortgage lien, and the proceeds of the property should be distributed

---

[10] Dkt. 482; LBR 9013-1(c)(2).

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 3 of 9

accordingly. Mr. Lee's personal guaranty does not change the result; Mr. Lee personally guaranteed many such obligations, and there is no reason to treat Ms. Shiroma better than other creditors holding personal guaranties just because she is also a co-owner of property with Mr. Lee.

II.     **Abraham Lee Objections**

Abraham Lee is Adam Lee's father. Like Ms. Shiroma, Abraham Lee does not oppose the sale, but rather objects to the proposed disposition of the proceeds.

Abraham Lee originally owned Palua 1 and Palua 2. Abraham Lee took out separate mortgage loans on the two units from First Magnus Financial Corporation. Later, he gave interests in Palua 1 and Palua 2 to his son, Adam Lee, and Adam Lee's then wife. Still later, in 2006, the mortgage loan on Palua 2 was refinanced, and the First Magnus mortgage was replaced with the mortgage that currently encumbers Palua 2. At the time of the refinancing of Palua 2, Bank of America, which had become the servicer of both mortgage loans, did not release the mortgage on Palua 2 (even though that loan had been paid off), but released the mortgage on Palua 1 (even though that loan had not been paid off). Abraham Lee nevertheless continued to pay the loan on Palua 1 (because he is personally liable).

Bank of America has filed a separate adversary proceeding seeking to reinstate its mortgage on Palua 1.[11] The trustee has moved to dismiss, arguing (among other

---

[11] *Bank of America, N.A. v. Field, et al.*, Adv. Pro. Case No. 16-90010

things) that (a) Bank of America's mortgage is not noted on the Transfer Certificate of Title covering Palua 1, (b) a purchaser of Land Court property (such as Palua 1 and Palua 2) takes the property free of any encumbrance not noted on the TCT, (c) he has the rights of a bona fide purchaser of real estate,[12] and (d) therefore he holds Palua 1 free of the mortgage. That case remains pending.

Abraham Lee argues that, following the trustee's logic, the trustee must pay the Bank of America mortgage on Palua 2, because that mortgage is noted on the relevant TCT, even though the loan secured by that mortgage was refinanced and paid off. This argument suffers from a logic error. It is true that unrecorded encumbrances on Land Court property are not binding on a purchaser, but it does not follow that every recorded encumbrance on Land Court property is binding. The fact that a mortgage is noted on the TCT does not prevent a party from asserting defenses to the mortgage, such as payment of the secured obligation. Therefore, I will overrule Abraham Lee's objection.

III.  Adam Lee's Objections

    A.  *Payment of Tax Lien and Expenses*

The trustee seeks permission to pay a tax lien, which encumbers Mr. Lee's

---

[12] 11 U.S.C. § 544(a)(3).

U.S. Bankruptcy Court - Hawaii    #13-01356    Dkt # 484    Filed 05/16/16    Page 5 of 9

interest in Palua 1 and Palua 2, out of the proceeds of the previously approved sale of Palua 1.

Mr. Lee's counsel apparently failed to read the motion with sufficient care. He objects to the payment of the *mortgage* on Palua 2 out of the proceeds of Palua 1. But the trustee made no such request.

Mr. Lee also argues that I should not order payment of the tax lien out of the Palua 1 proceeds because the order approving that sale is on appeal, divesting me of jurisdiction. Out of an abundance of caution, I will not take any action now that might be construed as a modification of the Palua 1 sale approval order. I will authorize the trustee to pay the tax lien out of the proceeds of the Palua 2 sale and reserve for future determination the question whether some or all of that payment should be charged to the proceeds of Palua 1.

Finally, Mr. Lee argues that the payment of costs of sale and the tax lien would unlawfully impinge on his exemption. This argument assumes, however, that the court of appeals will reverse the district court's decision and my decision that he has no exemption rights in Palua 1 and Palua 2. As matters stand, he has no exemption and no right to dictate the use of the sale proceeds.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 6 of 9

## B. *Delay Pending Appeal.*

Mr. Lee filed a motion to postpone the hearing on the proposed sale.[13] He argues that the court should not permit any use of the proceeds of Palua 1, or authorize a sale of Palua 2, until the court of appeals has ruled on his appeal from the turnover order. In a supplemental memorandum, Mr. Lee acknowledges that this is in effect a request for a stay pending appeal.

Mr. Lee is not entitled to the requested delay. He has offered no protection to the estate against the accrual of interest, the risk of damage to the property, or a possible decline in value during the pendency of his appeal. His request for an unsecured stay does not satisfy the applicable legal standard.[14] Given that the district court has affirmed the turnover order, his chances of success on appeal are low. Because the trustee will hold all of the net proceeds of sale pending further court order, Mr. Lee's exemption claim could be satisfied in the unlikely event that he prevails on appeal, which protects him from irreparable harm.

Further, a delay will adversely affect the innocent creditors.[15] This chapter 7 case is already three years old, an unusually long time for a case of this size and

---

[13] Dkt. 463.

[14] *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, 889 F.Supp.2d 1198, 1242-43 (E.D. Cal. 2012).

[15] Mr. Lee argues that, by requesting a thirty day extension of the due date of his appellate brief, the trustee has acted in bad faith. This argument is ludicrous.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 7 of 9

complexity. All or virtually all of the delay is due to the fact that Mr. Lee has chosen to oppose the trustee at nearly every turn. The trustee is properly carrying out his duty to liquidate the estate expeditiously; Mr. Lee is not entitled to further delay the trustee and the creditors.

It is also significant that the court of appeals has recently denied Mr. Lee's emergency motion for a stay.

### C.   *Benefit to the Estate*

Mr. Lee argues that, even if his exemption claim is not upheld on appeal, the sale will not net any proceeds for the estate after the payment of liens and taxes. Mr. Lee's argument incorrectly assumes that the trustee must pay certain encumbrances and taxes that need not be paid.

The motion proposes no payment on one of the mortgages because the secured debt has been repaid in full. The holder of that mortgage takes no position on the motion. It does not object to the sale or the non-payment of the mortgage on Palua 2; it only reserves its rights regarding the inadvertently released mortgage on Palua 1.[16] Therefore, that mortgage lien may be disregarded.

The motion also proposes no payment on a post-petition judgment in favor of Boon Han Sia. Mr. Sia has filed a partial release of the judgment lien on Palua 2,[17] so

---

[16] Dkt. 474.

[17] Dkt. 477.

8                                                  13-01356 LEE Palua 2 sale ver2.wpd

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 8 of 9

the trustee's proposed treatment is correct.

The trustee's accountant explains that any taxable gain on the sale of Palua 2 can be offset by loss carryforwards and carrybacks. Mr. Lee offers an accountant's opinion estimating the tax consequences of the sale, but that opinion says nothing about the availability of other losses to offset those tax consequences. I therefore accept the trustee's tax analysis.

IV. Conclusion

All of the objections to the motion are OVERRULED and the motion is GRANTED (with the limited exception described above concerning the payment of the tax lien). Mr. Lee's motion to continue the hearing on the trustee's motion is DENIED. The trustee's counsel is directed to submit appropriate orders.

END OF DECISION

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 484   Filed 05/16/16   Page 9 of 9