

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re | Case No. 13-01356 |
|---|---|
| ADAM LEE, | Chapter 13 |
| Debtor. | Re: Docket No. 705 |

## ORDER GRANTING TRUSTEE'S MOTION TO SETOFF

Trustee Dane S. Field seeks authority to set off the judgment entered in favor of the Trustee and against the Debtor on April 30, 2019,[1] against the Debtor's claimed entitlement to ten percent of the proceeds from the Trustee's sale of the "Palua 1" property.[2] The Debtor objects to that motion

---

[1] Dkt. 660.

[2] Dkt. 705.

1

and requests turnover of the sale proceeds.[3] For the reasons that follow, I order that the Trustee may apply ten percent of the net proceeds from the sale of the Palua 1 property to the $72,488.97 judgment against the Debtor.

## I. FACTS

Debtor Adam Lee filed a voluntary bankruptcy petition on August 12, 2013.[4] At that time, the Debtor and his then-wife owned the Palua 1 property as tenants by the entirety. The Debtor claimed an exemption of $669,000.00 in the Palua 1 property under 11 U.S.C. § 522(b)(3)(B), which applies to any interest in property which the debtor held as a tenant by the entirety.[5]

Dane S. Field ("Trustee") was appointed Chapter 7 trustee.[6] The Trustee filed an adversary proceeding alleging that the Debtor's

---

[3] Dkt. 721.

[4] Dkt. 1.

[5] Dkt. 15.

[6] Dkt. 3.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 733   Filed 09/03/19   Page 2 of 16

conveyance of a ninety percent interest in the Palua 1 property to himself and his wife as tenants by the entirety was a fraudulent transfer.[7] On March 10, 2015, I entered a judgment setting aside the transfer of Debtor's ninety percent interest as fraudulent.[8] This judgment restored the ninety percent interest to the estate. It did not, however, change the fact that Debtor and his wife held the remaining ten percent interest in the property as a tenant by the entirety and did not overrule his claimed exemption in the ten percent interest.

The Trustee then moved for turnover of possession of the Palua 1 property. The Debtor opposed, arguing that the Trustee had not filed a timely objection to the claim of exemption. I found that the adversary proceeding to set aside the fraudulent transfer was, in substance, an objection to the Debtor's claimed tenancy by the entirety exemption, and I

---

[7] Dkt. 73; Adv. Pro. 14-90003.

[8] Adv. Pro. 14-90003, Dkt. 303, *aff'd*, *Field v. Lee (In re Lee)*, Civ. No. 15-00100-SOM-RLP, 2015 WL 5598319 (D. Haw. Sep. 21, 2015), Adv. Pro. Dkt. 342, *appeal dismissed*, No. 15-17125 (9th Cir. Apr. 12, 2016).

3

granted the Trustee's turnover motion on June 29, 2015.[9] On appeal, both the district court and the Ninth Circuit Court of Appeals affirmed my holding that the Trustee's adversary complaint challenging the basis of the Debtor's claimed exemption was effective as an objection to the claimed tenancy by the entirety exemption.[10]

On May 19, 2015, the Trustee filed an adversary proceeding pursuant to 11 U.S.C. § 363(h) to sell both the estate's ninety percent interest, and the Debtor and his wife's ten percent tenancy by the entirety interest, in the Palua 1 property.[11] I granted summary judgment in favor of the Trustee.[12]

On November 9, 2015, I entered an order approving the Trustee's sale

---

[9] Dkt. 224.

[10] Dkt. 566; *Lee v. Field (In re Lee)*, Civ. No. 15-00472-SOM-BMK, 2015 WL 7303526 (D. Haw. 2015), *aff'd*, 889 F.3d 639 (9th Cir. 2018).

[11] Adv. Pro. 15-90029, Dkt. 212.

[12] Adv. Pro. 15-90029, Adv. Pro. Dkt. 59. The Debtor appealed, but the appeal was dismissed because the Debtor failed to pay the required filing fee. Adv. Pro. 15-90029, Adv. Pro. Dkt. 103.

of the Palua 1 property.[13] The Debtor appealed that order, but the district court and the court of appeals dismissed the appeal as moot.[14] The Trustee subsequently sold one hundred percent of the Palua 1 property for $669,000.00.[15]

Meanwhile, on August 20, 2015, the Family Court of the First Circuit, State of Hawaii, entered a Divorce Decree dissolving the bonds of matrimony between the Debtor and his former wife.[16] The Divorce Decree awarded the Debtor the ten percent interest in Palua 1, formerly held by the entirety, as his sole and separate property.

On April 15, 2019, I entered an order requiring the Debtor to pay the Trustee $72,488.97.[17] This represented the value of various assets that

---

[13] Order Granting Mot. to Sell Property, Dkt. 366.

[14] Dkt. 386, *appeal dismissed*, *Lee v. Field (In re Lee)*, Civ. No. 15-00472-SOM-BMK (D. Haw. Dec. 30, 2015), Dkt. 416, *aff'd*, 722 Fed. Appx. 680 (9th Cir. 2018).

[15] Dkt. 398.

[16] *See* Dkt. 333, Exh. A.

[17] Dkt. 640. Debtor filed a notice of appeal to the Bankruptcy Appellate Panel on April 29, 2019. Dkt. 654. The Debtor did not further pursue this appeal.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 733   Filed  09/03/19   Page 5 of 16

belonged to the estate, but which the Debtor improperly retained. On April 30, 2019, the Trustee obtained a post-petition judgment against the Debtor in the amount of $72,488.97.[18]

The Trustee now seeks to offset the net sales proceeds from the Palua 1 property, ten percent of which the Debtor is entitled to, against the April 30 judgment, leaving a balance owed to the estate by the Debtor of $10,611.75.[19] The Trustee reached this figure by deducting the cost of sale as to the Debtor's ten percent interest in the property, calculated pro rata at $5,022.79,[20] from the Debtor's ten percent of the gross proceeds of the sale, then subtracting those net proceeds from the judgment owing.

## II. DISCUSSION

The filing of a bankruptcy petition under Chapter 7 creates a bankruptcy estate generally comprising all of the debtor's property.[21] The

---

[18] Dkt. 660.

[19] Dkt. 705.

[20] Dkt. 398, Exh. A.

[21] 11 U.S.C. § 541(a)(1).

6

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 733   Filed 09/03/19   Page 6 of 16

Bankruptcy Code authorizes the debtor to exempt certain kinds of property from the estate.[22] A successful claim of exemption effectively removes the exempt property from the bankruptcy estate.[23] The exempted property then revests in the debtor, free from pre-petition debts.[24]

Subsection 522(b) of the Bankruptcy Code allows the debtor to choose either the exemptions afforded by state law or the federal exemptions listed in subsection 522(d). The state law set of exemptions includes "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law."[25]

The applicable nonbankruptcy law here is Hawaii state law, which both recognizes tenancies by the entirety and places any property held as

---

[22] 11 U.S.C. § 522(b)(1).

[23] 11 U.S.C. § 522(l); *Schwab v. Reilly*, 560 U.S. 770, 774 (2010).

[24] BANKRUPTCY EXEMPTION MANUAL § 2:1 (2019); *see also id.* § 3.5.

[25] 11 U.S.C. § 522(b)(3)(B).

tenants by the entirety firmly beyond the reach of a married couple's creditors.[26]

The Debtor claimed one hundred percent of the Palua 1 property as exempt. The Trustee challenged only the exempt status of ninety percent of the property, and the time to object to exemptions has run. An exemption claim is valid unless there is a timely objection.[27] Therefore, the Debtor successfully exempted ten percent of the Palua 1 property, removed it from the bankruptcy estate, and protected it from pre-bankruptcy debts.

## A. Costs of Sale

The Debtor argues that the Trustee cannot deduct any of the costs of sale from the Debtor's share of the sales proceeds. His objection highlights a seeming conflict in the Bankruptcy Code. Section 522(k) provides that property exempted under that section cannot be used to pay any

---

[26] *Sawada v. Endo*, 57 Haw. 608, 616 (Haw. 1977) ("[A]n estate by the entirety is not subject to the claims of the creditors of one of the spouses during their joint lives.").

[27] 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-43 (1992).

8

administrative expense, with limited exceptions that do not apply here.[28] However, section 363(j) provides that the costs and expenses of a sale made pursuant to section 363(g) or (h) (not including the trustee's compensation) should be deducted from the total proceeds of the sale before the debtor's spouse or co-owners of the property receive their share. Despite this conflict, I conclude that the Trustee should be allowed to deduct costs of sale from the Debtor's share of the property.

It is a basic principle of statutory interpretation that where two statutes conflict, the general must yield to the specific, particularly where they are part of the same statutory scheme.[29] For two reasons, section 363(j) applies to this situation more specifically than section 522(k).

First, section 363(h) of the Bankruptcy Code provides for the sale of property, even if held as tenants by the entirety,[30] if four statutory

---

[28] 11 U.S.C. § 522(k).

[29] *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).

[30] 11 U.S.C. § 363(h) ("[T]he trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a . . . tenant by the entirety. . . .").

9

conditions are met, and section 363(j) outlines the division of proceeds. By contrast, section 522(k) pertains generally to all exempted property. Therefore, sections 363(h) and (j) control because they are more specific.

Second, section 363(j) is more specific than section 522(k) because the latter applies to all administrative expenses while the former applies specifically to a subset of administrative expenses related to sales of co-owned property.[31] Section 363(j) states that the compensation of the trustee is not to be deducted from the proceeds of sale.[32] This provision ensures that the co-owners of the property would recover the same amount from a section 363(h) sale as they would if the property were sold outside of

---

[31] *See In re Blair*, 33 F.3d 54, 1994 WL 408192, *1 (6th Cir. 1994) ("[I]ndividual creditors . . . cannot reach entirety property . . . and the entirety property may be exempted under 11 U.S.C. § 522(b)[(3)](B) . . . . The sale proceeds of entireties property is properly distributed between and among the co-owners. Thus, the division and allocation of the *net* proceeds of the sale . . . was proper.") (citations omitted) (emphasis added); *In re Van Der Heide*, 164 F.3d 1183, 1184-85 (8th Cir. 1999) (authorizing the distribution of *net* proceeds in the event of a sale of a residence owned as tenants by the entirety under section 363(j), half to debtor and half to his non-debtor wife).

[32] 11 U.S.C. § 363(j) ("After a sale of property to which subsection . . . (h) of this section applies, the trustee shall distribute to the debtor's spouse or co-owners of the property . . . the proceeds of such sale, less the costs and expenses, *not including any compensation of the trustee*, of such sale[.]") (emphasis added).

10

bankruptcy. Section 363(j) applies specifically to sales under section 363(h) and should therefore control over section 522(k)'s general prohibition.

### B. Exemptions for Property Formerly Held by the Entirety

The Debtor next argues that the Trustee cannot apply the sales proceeds to the judgment because the proceeds are exempt. He contends that the proceeds are exempt even though he is no longer married.

A debtor's right to exempt property from a bankruptcy estate is fixed on the date of the bankruptcy.[33] The debtor is entitled to an exemption even if subsequent events, such as a post-bankruptcy divorce or death, would destroy it.[34] Therefore, for purposes of section 522, it does not matter that the Debtor was divorced after the petition date.

---

[33] *White v. Stump*, 266 U.S. 310, 313 (1924); *In re Kim*, 257 B.R. 680, 687 (B.A.P. 9th Cir. 2000) ("[B]ankruptcy law is clear that debtor's exemption rights are fixed as of the petition date[.]") (citing *White*, 266 U.S. at 313).

[34] *See In re Ballard*, 65 F.3d 367, 372 (4th Cir. 1995) (holding that proceeds derived from the sale of a husband and wife's property held as tenants by the entirety became the sole property of the husband upon the death of his wife, and must be applied to pay the claims of husband's unsecured creditors); *see also In re Chernushin*, 911 F.3d 1265 (10th Cir. 2018) (holding that, subsequent to the non-debtor wife's death, the debtor husband was the sole owner of the property formerly held as joint tenants, and that property was not a part of the bankruptcy estate).

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 733   Filed 09/03/19   Page 11 of 16

But that is not the end of the inquiry. The exemptions listed by section 522 pertain only to the inclusion of property in the bankruptcy estate and the exposure of that property to pre-bankruptcy debts. Here, the concern is not whether the ten percent interest in Palua 1 was part of the bankruptcy estate, but rather whether the Trustee can reach it in order to satisfy the judgment. Section 522(c) provides that exempt property is not liable for any claim that arose prior to the commencement of the case. The Trustee's judgment is not a pre-petition debt; rather, it only arose after the petition date when the Debtor refused to turn over property of the estate. Therefore, section 522 does not affect the enforceability of the judgment.

In other words, because the judgment is a post-petition debt of the Debtor, bankruptcy law does not affect its enforceability. Instead, state law fixes the rights of the Trustee and the Debtor. The Debtor is entitled to assert any exemption that a judgment debtor could assert under Hawaii law. But the Debtor cannot use the tenancy by the entirety to prevent the Trustee from reaching the Palua 1 proceeds because the Debtor is no longer

12

married. Therefore, the judgment is fully enforceable against the proceeds.

This result is consistent with *Law v. Siegel*, where the Supreme Court held that a bankruptcy court cannot surcharge a debtor's exempt property to recover expenses caused by the debtor's improper conduct.[35] In essence, the Court ruled that the bankruptcy courts may not create an equitable exemption to section 522(k). Here, the proceeds are not being used to pay a pre-petition debt[36] or an administrative expense.[37] Because the Bankruptcy Code's exemptions simply do not apply to the enforcement of post-petition debts, my decision does not rely on an equitable exception to section 522(k).

Here, the Trustee relies on the powers available to any creditor holding a judgment based on a post-petition debt. Though the Debtor exempted his ten percent interest in the real property because he held it as a tenant by the entirety, the Debtor is now divorced and the tenancy by the

---

[35] 571 U.S. at 422.

[36] 11 U.S.C. § 522(c).

[37] 11 U.S.C. § 522(k).

13

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 733   Filed   09/03/19   Page 13 of 16

entirety is terminated; the property is no longer subject to the exemption and is not beyond the reach of the Debtor's post-petition creditors. Therefore, the Trustee, acting as a judgment creditor, may use the proceeds of sale to satisfy the judgment owing to him.

## C. Setoff

There remains the question of whether the Trustee may set off the judgment against the Debtor's share of the sale proceeds.

Setoff is an equitable doctrine that requires that the demands of mutually-indebted parties be set off against each other and allows only the difference to be recovered in a judicial proceeding by one party against the other.[38]

While the Debtor owes Trustee some $72,488.97, the Trustee does not, strictly speaking, owe Mr. Lee any debt. Instead, the Trustee is holding money that belongs to the Debtor. The relationship between the Trustee and the Debtor is arguably more like a bailment than that of debtor and

---

[38] *See Stanford Carr Development v. Unity House*, 111 Haw. 286, 306 (Haw. 2006).

14

creditor. For that reason, "setoff" is arguably not the proper doctrine to produce the remedy that Trustee seeks.

However, another equitable doctrine can accomplish this result. A creditor's bill is essentially an equitable execution which allows, among other things, for a judgment creditor to access interests not otherwise subject to execution at law.[39] The doctrine was designed to help creditors reach property of their debtors which could not be reached by ordinary legal process and is premised upon the principle that equity should afford a remedy for every wrong.[40] A creditor's bill allows the appropriation of the defendant's property, and enables the court to ascertain the amount of the debt and cause it to be satisfied from the property that the court has drawn within its jurisdiction.[41] Therefore, even if setoff were not available, the Trustee could still recover the proceeds.

---

[39] *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 320 (1999).

[40] *Lyle v. Slegman*, 26 Haw. 351, 353 (Haw. 1922).

[41] *See* 21 AM. JUR. 2d Creditors' Bills § 55 (2019).

## III. CONCLUSION

The net amount of the Debtor's share of the Palua 1 sales proceeds ($61,877.21) shall be applied in partial satisfaction of the Trustee's judgment against the Debtor.

**END OF ORDER**