**Date Signed:**
**December 19, 2019**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re | Case No. 13-01356 |
|---|---|
| ADAM LEE, | Chapter 13 |
| Debtor. | Re: Docket No. 594 |

## MEMORANDUM OF DECISION
## REGARDING TURNOVER OF ESTATE PROPERTY

The trustee in bankruptcy, Dane S. Field, filed a motion to require the debtor, Adam Lee, to turn over certain estate property to the trustee and for a money judgment for the value of any property which the debtor failed to turn over.[1] In an order entered on April 15, 2019, I decided most of the issues presented by the motion but held that an evidentiary hearing

---

[1] Dkt. 594.

was necessary to resolve the trustee's claims regarding the debtor's alleged post-petition sale of stock in nojuice.com, Inc. ("nojuice").[2]

The evidentiary hearing was held on November 13 and December 5, 2019. Enver Painter, Esq., represented the trustee, and Adam Lee represented himself.

The questions presented at the evidentiary hearing were whether Mr. Lee sold any nojuice stock after he filed his bankruptcy petition and, if so, for what amount. The applicable legal rule is undisputed: debtors must turn over to the trustee all property of the estate and all proceeds of sale of all nonexempt property of the estate.[3] (Mr. Lee did not claim an exemption in any nojuice stock.)

Based on the limited information that Mr. Lee provided, the trustee initially believed that Mr. Lee had received $94,000.00 in proceeds from post-petition sales of nojuice stock. However, a day or two before the

---

[2] Dkt. 640. The documents in evidence inconsistently capitalize and punctuate the name of nojuice, but the parties know which company they are arguing about.

[3] 11 U.S.C. §§ 541, 542.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 816   Filed 12/19/19   Page 2 of 5

continued evidentiary hearing date, Mr. Lee produced additional documents for the first time. Although the trustee had requested and Mr. Lee had promised to produce all such documents nearly two years earlier, and although the deadline to exchange exhibits had passed, I overruled the trustee's objection to the documents. Displaying appropriate candor, the trustee's counsel then agreed that the new documents reduced the trustee's maximum claim to $25,000.00.

I find that the trustee has proven, by a preponderance of the evidence, that, after he filed his bankruptcy petition, Mr. Lee sold stock in nojuice to his father, Abraham Lee, for $25,000.00 in cash. This finding is based primarily on several pieces of evidence. First, there is Abraham Lee's sworn declaration,[4] which he signed while he was represented by counsel and in which he swore that he bought stock in nojuice from Adam Lee, although he could not recall how many shares he bought or how much he paid. Second, there is Abraham Lee's testimony at his 2004 examination,

---

[4] Evidentiary Exhibit T-2037.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 816   Filed  12/19/19   Page 3 of 5

which is consistent with his declaration.[5] Third, there is a check[6] made by Ninja LLC and signed by Abraham Lee, in the amount of $25,000.00. The memo of the check states "loan, investment." It was originally made payable to nojuice but was altered to make it payable to Adam Lee. Adam Lee immediately deposited the check in his personal account.

At the evidentiary hearing, Abraham Lee recanted his declaration and rule 2004 testimony, claiming that he had been mistaken. I find his original testimony more credible than his recantation.

Adam Lee testified that he never owned and never sold any nojuice stock, and that the money he received post-petition was all the proceeds of loans, not stock sales. But his bankruptcy schedules, which he signed under penalty of perjury, state that he owned "Nojuice.com, Inc. (Stock options for 75% – if warrants are not excercised [sic]". Further, based on my observation of Adam Lee during the six-year pendency of this case, I

---

[5] Fed. R. Bankr. P. 2004.

[6] Evidentiary Exhibit T-2035.

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 816   Filed 12/19/19   Page 4 of 5

find that Adam Lee is generally not a credible witness, and is willing to say whatever he thinks is in his best interest at any given moment.

The trustee is entitled to judgment against Adam Lee in the amount of $25,000.00. The trustee's counsel shall submit a proposed judgment.

**END OF MEMORANDUM DECISION**

U.S. Bankruptcy Court - Hawaii   #13-01356   Dkt # 816   Filed  12/19/19   Page 5 of 5